IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TARA DICKERSON, Personal Representative of the Estate of Rodrick J. Dagne, Deceased,<br><br>    Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>    Defendant. | Case No. 3:19-CV-00124-NJR-GCS |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Tara Dickerson brings this medical malpractice action as Personal Representative of the Estate of Rodrick H. Dagne, a deceased veteran of the United States Army (Doc. 1). Dickerson alleges that Defendant United States of America was negligent in its diagnosis and treatment of Dagne while he was under the care of the VA Medical Center in Marion, Illinois (*Id.*). The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1346(b) and 2674. Pending before the Court is the Government's motion to dismiss, which argues Dickerson's claims are barred by the Illinois statute of repose or, alternatively, should be dismissed because Dickerson failed to attach a certificate of merit to her complaint (Doc. 22). For the following reasons, the motion is granted.

### FACTUAL AND PROCEDURAL BACKGROUND

According to the allegations in the complaint, in March 2014, Dagne noticed an

ulceration on his right foot and was admitted to the Marion VA Medical Center on May 19, 2014 (*Id.* at p. 2). He was diagnosed with hyperemia and abnormal osteoblastic activity in the head of the third metatarsal (*Id.*).

On or about May 21, 2014, the Marion VA Medical Center transferred Dagne to St. Mary's Medical Center in Evansville, Indiana (*Id.*). The VA advised St. Mary's that Dagne was not septic, did not have cellulitis, and was not on dialysis (*Id.*). When Dagne was admitted to St. Mary's, his providers found an ulcer on the bottom of his right foot with a malodorous discharge (*Id.*). His foot was red and swollen, and he was septic (*Id.*). Dagne was diagnosed with osteomyelitis of the right third and fourth metatarsal heads and the base of the proximal phalanx, with suspected peripheral vascular disease (*Id.*). He underwent a transmetatarsal amputation on May 24, 2014 and passed away on June 5, 2014 (*Id.*).

Dickerson filed a claim on Dagne's behalf with the United States Department of Veterans Affairs on May 31, 2016 (*Id.*). The claim was initially denied on December 21, 2016, and Dickerson's request for reconsideration was denied on January 12, 2018 (*Id.*). Dickerson filed this suit on July 9, 2018, in the United States District Court for the Southern District of Indiana (*Id.*). The case was transferred to this Court in February 2019 (*Id.*).

## DISCUSSION

Dickerson's claims arise under the Federal Tort Claims Act ("FTCA"), which gives district courts "exclusive jurisdiction of civil actions on claims against the United States, for money damages . . . for injury or loss of property, or personal injury or death caused

by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment." 28 U.S.C. § 1346(b). The FTCA covers "circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." *Morisch v. United States*, 653 F.3d 522, 530 (7th Cir. 2011) (quoting 28 U.S.C. § 1346(b)(1)). In other words, the FTCA "incorporates the substantive law of the state where the tortious act or omission occurred." *Midwest Knitting Mills, Inc. v. United States*, 950 F.2d 1295, 1297 (7th Cir. 1991).

In this instance, the alleged negligence occurred in Marion, Illinois, which requires the Court to apply Illinois substantive law. The Seventh Circuit has determined that Illinois' statute of repose for medical malpractice actions is substantive law that extinguishes claims under the FTCA if brought more than four years after the negligent act or omission occurred. *Augutis v. United States*, 732 F.3d 749 (7th Cir. 2013). Specifically, Illinois law provides,

> Except as provided in Section 13-215 of this Act, no action for damages for injury or death against any physician or hospital . . . shall be brought more than 2 years after the date on which the claimant knew . . . of the existence of the injury . . . *but in no event shall such action be brought more than 4 years after the date on which occurred the act or omission or occurrence alleged in such action to have been the cause of such injury or death*."

735 ILCS 5/13-212(a) (emphasis added).

Prior to bringing a civil action under the FTCA, a claimant must exhaust his or her administrative remedies:

> A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years

> after such claim accrues or unless action is begun within six months after the date of mailing, . . . of notice of final denial of the claim by the agency to which it was presented.

28 U.S.C. § 2401(b).

Here, the Government argues this action is barred under Illinois' statute of repose because it was commenced more than four years after May 21, 2015, the last date Dagne treated with the Marion VA Medical Center. But Dickerson contends the statute of repose was tolled until she received the denial of her request for reconsideration from the Department of Veterans Affairs on January 12, 2018. Dickerson contends the FTCA impliedly preempts state statutes of repose that bar a plaintiff's claims that are otherwise timely under the FTCA. According to Dickerson, the statute of repose was tolled during the pendency of her administrative claim.

In *Augutis v. United States*, the Seventh Circuit squarely held that the FTCA's procedural scheme for exhausting administrative remedies does not preempt Illinois' statute of repose. 732 F.3d 749 (7th Cir. 2013). There, the plaintiff in that case, Augutis, filed his FTCA action in federal court six months after the Department of Veterans Affairs denied his request for reconsideration, but over five years after the negligence allegedly occurred. *Id.* at 751. Augutis argued his suit was not untimely under the statute of repose because the FTCA preempts state law. The Seventh Circuit disagreed and explained, "The FTCA does not expressly preempt state statutes of repose, nor does it impliedly preempt state substantive law; to the contrary, it expressly incorporates it. And here there is no conflict between state and federal law because it was possible for Augutis to have satisfied the requirements of both regimes." *Id.* at 754.

Augutis also argued that he brought an action within the four-year statute of repose by filing a claim with the Department of Veterans Affairs. But the Seventh Circuit rejected this argument as well because "[a]n action must be filed in a court, not with a federal agency." *Id.* (citing 735 ILCS 5/2-201(a) ("Every action, unless otherwise expressly provided by statute, shall be commenced by the filing of a complaint.")).

Like Augutis, Dickerson could have complied with the FTCA's exhaustion requirements and still commenced this suit before the statute of repose expired. Dickerson cites case law from other circuits, where courts have determined that the FTCA preempts state statutes of repose. But the Seventh Circuit precedent is controlling here and under controlling case law, this is not a "circumstance[] where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." *Morisch v. United States*, 653 F.3d 522, 530 (7th Cir. 2011) (quoting 28 U.S.C. § 1346(b)(1)).

Accordingly, the motion to dismiss filed by Defendant United States of America (Doc. 22) is **GRANTED**, and this action is **DISMISSED with prejudice.** The Clerk of Court is **DIRECTED** to enter judgment accordingly.

**IT IS SO ORDERED.**

DATED: September 25, 2019

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**